

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8934 | **DATE** | 9/29/2003 |
| **CASE TITLE** | Kaliebe vs. Parmalat USA Corp., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant Metz Baking Co.'s Motion to Dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant Metz Baking Company's Motion to Dismiss [Doc. 15] is denied as to Counts I and II and granted as to Count III. For further detail, see the memorandum opinion attached to this order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 3 0 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 29 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| jar/lc | courtroom deputy's initials | 03 SEP 29 PM 3:19 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT A. KALIEBE, | ) |
| | ) No. 02 C 8934 |
| Plaintiff, | ) |
| | ) HONORABLE DAVID H. COAR |
| v. | ) |
| | ) |
| PARMALAT USA CORPORATION et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

SEP 30 2003

SEP 30 2003

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Defendant Metz Baking Company's Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant Metz Baking Company's Motion to Dismiss is granted with respect to Counts II and III.

### Factual and Procedural Background[1]

Plaintiff Robert Kaliebe ("Plaintiff" or "Kaliebe") began working for a predecessor corporation to Defendant Metz Baking Company ("Defendant" or "Metz") in May 1964. (Comp. ¶ 9) When Plaintiff began work in 1964, he enrolled in the pension plan, which was then the New Process Baking Company Pension Plan. (Id.) In 1991, Plaintiff was an employee of Metz Baking Company and a participant in the Metz Baking Company Pension Plan for Non-Union Employees. (Id. at ¶¶ 15, 16, 23) In 1991, Plaintiff received a written statement of benefits from

---

[1]The facts in this opinion are all taken from Plaintiff's Complaint, as is appropriate on a motion to dismiss for failure to state a claim. They are provided as background to this memorandum and they do not represent a conclusive determination of fact on any issue in this litigation.

1

Metz Baking Company that indicated his monthly accrued benefit under the pension plan as of December 31, 1990 was $3,067.

In August 1992, Metz sought to terminate Kaliebe's employment. (Id. at ¶23) At around the same time, Kaliebe received notice that his monthly accrued benefit under the pension plan as of December 31, 1991 was $3,166. (Id. at ¶22, Ex. B) Kaliebe accepted the proposed severance agreement in 1992 with the understanding that when he turned sixty-five, in 2001, he would become eligible for his full pension benefit as described in his notice. (Id. at ¶¶25–26)

When Kaliebe applied for his pension benefit in 2001, he was notified in writing that his monthly pension benefit would not exceed $969.91. (Id. at ¶30) Plaintiff submitted a claim for benefits of no less than $3,166 in December 2001. (Id. at ¶31) Defendant denied Plaintiff's claim in February 2002 and his subsequent appeal of that denial in June 2002. (Id. at ¶32–34)

Plaintiff subsequently filed this three count complaint. Count I presents a claim for recovery of improperly denied benefits due to Plaintiff under the pension plan pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(1)(B). Count II asserts that Defendant is estopped and barred by laches from denying the obligation to pay Plaintiff pension benefits no less than $3,166. Count III asserts that Metz, along with its co-Defendants, breached their fiduciary duties to Plaintiff with respect to the pension plan. Both Counts II and III seek equitable relief pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). For the sake of clarity, the Court will henceforth refer to the statutory sections by their section numbers in the U.S. Code, Sections 1132(a)(1)(B) [claims for improperly denied benefits] and 1132(a)(3) [claims for equitable relief].

Metz timely filed a Motion to Dismiss all three counts of Plaintiff's Complaint. The

2

Court denied the Motion to Dismiss Count I of the Complaint in open court on February 24, 2003. (Pl. Resp. to Def. Mot. Dismiss, Ex. A, at 3, lines 22–25). Briefing is complete on the Motion to Dismiss Counts II and III of the Complaint.

## I. STANDARD OF REVIEW

In evaluating a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. See Ameritech Corp. v. McCann, 297 F.3d 582, 585 (7th Cir. 2002). Motions to dismiss for failure to state a claim will only be granted if no set of facts exist that could support a judgment for the Plaintiff.

## II. DISCUSSION

Defendant urges dismissal of Counts II and III of Plaintiff's Complaint. In its Motion to Dismiss, Defendant contends that the Plaintiff is not entitled to seek equitable relief under Section 1132(a)(3) when relief is available under Section 1132(a)(1)(B). In 1996, the Supreme Court confronted the viability of claims for individual equitable relief under Section 1132(a)(3). See Varity Corp v. Howe, 516 U.S. 489 (1996). The Court there held that Section 1132(a)(3) does "offer appropriate equitable relief for injuries caused by violations that § 502 [of ERISA, 29 U.S.C. § 1132] does not elsewhere adequately remedy." Varity Corp. v. Howe, 516 U.S. 489, 512 (1996). The Court went on to note, though, that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief would normally not be 'appropriate'." Id. at 515. The inquiry that the Court sets up in Varity is two-fold: (1) whether other portions of the statute provide adequate relief for an alleged injury; and (2) whether the sought after equitable relief is appropriate. If the other portions of the statute do provide adequate relief, then there would be no need to confront the

appropriateness of equitable relief. If, however, the other portions of the statute do not afford adequate relief, then the Plaintiff's complaint must survive a motion to dismiss, as the appropriateness of equitable relief is a fact-intensive inquiry.

Both the Plaintiff and the Defendant have merged the analysis with respect to Counts II and III but for different reasons. Since both the breach of fiduciary duty claim (Count III) and the equitable estoppel claim (Count II) are properly characterized as seeking equitable relief, cases dealing with both types of claims tend to make broader statements about the appropriateness of equitable relief generally. Both parties seek to gain advantage from the broader rules that are spoken about in each set of cases relating to the propriety of equitable relief in ERISA cases. In breach of fiduciary duty cases, courts all over the country have held that the remedy for improper denial of plan benefits is adequate for alleged breaches of fiduciary duty. Defendants then seek to apply the rule that emerged from those cases to the broader class of all cases that seek equitable relief. The Plaintiff, meanwhile, relies on cases that involved misrepresentation (which is an element of equitable estoppel) for the broader principle that equitable relief may be appropriate where available legal relief is inadequate. In order to make sense of the rules that both parties seek to broaden in their presentations, the Court will treat the merits of Count II and Count III separately, beginning with Count III.

### A. Count III: Breach of Fiduciary Duty

Count III of Plaintiff's Complaint alleges that Defendant breached fiduciary duties to Plaintiff by "(i) inaccurately communicating material facts about the Plan and its claim and appeal procedures; (ii) failing to follow the Plan's claim and appeal procedures; and/or (iii) failing to notify Plaintiff that the Plan contained and/or was utilizing defective and/or conflicting

4

claim and appeal procedures." (Comp. ¶ 49)

ERISA authorizes claims for breach of fiduciary duty under both Section 1132(a)(2) and Section 1132(a)(3). 29 U.S.C. § 1132(a)(2), (3). Claims under Section 1132(a)(2) must be brought against the plan itself. See Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 142 (1985) (holding that Section 1132(a)(2) is "primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary"). Plaintiff in this case does not present a claim under Section 1132(a)(2).

Count III of Plaintiff's Complaint seeks a remedy for the alleged breaches of fiduciary duty under Section 1132(a)(3). Defendant contends that Plaintiff has an adequate remedy for his breach of fiduciary duty claims under Section 1132(a)(1)(B). The case law is nearly unanimous in agreement with Defendant's position. See, e.g., Tolson v. Avondale Industries, Inc., 141 F.3d 604, 610 (5th Cir. 1998) ("Because [the plaintiff] has adequate relief available for the alleged improper denial of benefits through his right to sue the Plans directly under section 1132(a)(1), relief [on his breach of fiduciary duty claim] through the application of Section 1132(a)(3) would be inappropriate."); Wald v. Southwestern Bell Corp. Customercare Med. Plan, 83 F.3d 1002, 1006 (8th Cir. 1996) ("Because [the plaintiff] is provided adequate relief by her right to bring a claim for benefits under . . . 29 U.S.C. § 1132(a)(1)(B), . . . and she seeks no different relief in Count II of her complaint [for breach of fiduciary duty], equitable relief would not be appropriate in her case.").[2] In the context of individual breach of fiduciary duty claims, the result reached in these cases makes perfect sense. Both the alleged improper denial of benefits and the alleged

---

[2]For a more expansive list of cases, see Def. Mem. L. Supp. Mot. Dismiss, at 8–9; Def. Rep. Br. Supp. Mot. Dismiss, at 4–5.

5

breach of fiduciary duty are going to be defined by reference to the plan itself. A plan beneficiary who believes her benefits were denied improperly and files suit under Section 1132(a)(1)(B) of ERISA (which authorizes direct challenges to the benefit determination) has an adequate avenue for relief for improprieties in the administration of the plan. If the plan administrators breached their fiduciary duties in reaching a decision about a plaintiff's claim for benefits, that will almost invariably enter the analysis about the propriety of their benefits decision.

When a plan beneficiary files a claim for breach of fiduciary duty under Section 1132(a)(3) and a claim for improper denial of benefits under Section 1132(a)(1)(B), the individual remedy sought in both claims is the same: a restoration of the level of benefits that the beneficiary believes to have been required under the plan with or without a breach of fiduciary duty. The relief sought under Section 1132(a)(1)(B) will be adequate to remedy the harm caused by the alleged breach of fiduciary duty. Consequently, claims for breach of a fiduciary duty under Section 1132(a)(3) will be unavailable as a matter of law to individual plan beneficiaries who are also seeking a remedy for improper denial of benefits under Section 1132(a)(1)(B).

Plaintiff urges that this is a contradiction with the permissive rule for pleading alternative theories embodied in Federal Rule of Civil Procedure 8(e)(2). See Fed. R. Civ. P. 8(e)(2). Plaintiff is correct, but the result is in keeping with the Supreme Court's decision in Varity Corp. v. Howe, 516 U.S. 489 (1989), which limited the avenue of relief under Section 1132(a)(3) to those claims which do not have an adequate remedy elsewhere in the statute. Where the Supreme Court's statutory interpretation comes into conflict with a rule of civil procedure, the authoritative interpretation of the statute carries the day.

As a final effort to survive the Motion to Dismiss with regard to Count III, Plaintiff

asserts that it is premature at this stage to determine whether the remedy under Section 1132(a)(1)(B) is adequate, for it is possible that Plaintiff will not recover under that theory (Count I). It is always possible that a plaintiff will not recover, but the inquiry is adequacy not recoverability. One can determine the adequacy of the available remedy without regard to Plaintiff's likelihood of success. In the case of an individual plan beneficiary who asserts both a breach of fiduciary duty claim and an improper denial of benefits claim, the remedy for the improper denial of benefits, if successful, would be adequate to cure the alleged harm to the individual plan beneficiary. Therefore, the remedy for an alleged breach of fiduciary duty is unavailable as a matter of law. In mostly unpublished cases, several other district courts have agreed that dismissal of breach of fiduciary duty claims on a Motion to Dismiss under Rule 12(b)(6) is appropriate. See, e.g., Emil v. Unum Life Ins. Co. of America, 2003 WL 256781, No. 3:CV02-2019 (M.D. Pa. Feb. 5, 2003) (dismissing breach of fiduciary duty claims on Motion to Dismiss); SunTrust Bank v. Aetna Life Ins. Co., 251 F. Supp. 2d 1282, 1291 (E.D. Va. 2003) (same).

If this were a case with multiple plaintiffs involving similar allegations, the result might be different. Where multiple plaintiffs allege both improper denials of benefits and breaches of fiduciary duty, the similarity of the allegations would suggest a pattern of breaching fiduciary duties. In such a case, it might be premature to resolve the adequacy question on a motion to dismiss, as discovery may reveal a broader problem with the administration of the plan. Moreover, in such a multiple plaintiff case, it would be similarly difficult (if not impossible) to determine that equitable relief in the form of an injunction would be inappropriate at such an early stage of the litigation. As it would be difficult to determine the adequacy of a remedy under

7

Section 1132(a)(1)(B) or the appropriateness of equitable relief, the breach of fiduciary duty claim in a multiple plaintiff case would probably survive a motion to dismiss.

Where there is only one individual plan beneficiary involved, as here, the remedy for improper denial of benefits is adequate to cure the harms alleged in the breach of fiduciary duty count of the complaint. Count III of Plaintiff's Complaint will be dismissed.

### B. COUNT II: Equitable Estoppel

Estoppel is an equitable doctrine that, if successfully applied, binds a party to the representations that they made to a party-opponent. Four elements must be proved before equitable estoppel can apply: (1) a knowing misrepresentation by the defendants; (2) in writing; (3) with reasonable reliance by the plaintiff on the misrepresentation; and (4) to the plaintiff's detriment. See Downs v. World Color Press, 214 F.3d 802, 805 (7th Cir. 2000).

The Seventh Circuit has held that "[e]stoppel principles can be applied to certain ERISA actions." Thomason v. Aetna Life Ins. Co., 9 F.3d 645, 650 (7th Cir. 1993); see also Gallegos v. Mount Sinai Med. Ctr., 210 F.3d 803, 811 (7th Cir. 2000) (applying estoppel principles in ERISA case). The Seventh Circuit has approved of applying estoppel principles in ERISA cases "when countervailing ERISA principles would not be impeded and 'one party has made a misleading representation to another party and the other has reasonably relied to his detriment on that representation.'" Bowerman v. Wal-Mart Stores, Inc., 226 F.3d 574, 586 (7th Cir. 2000) (quoting Gallegos v. Mount Sinai Med. Ctr., 210 F.3d at 811).

The allegations in Count II of Plaintiff's Complaint present the right circumstances for an estoppel claim under ERISA to go forward. In Count II, the Plaintiff alleges that the Defendant made an affirmative misrepresentation to him in writing about the amount of benefits owed to

8

him under the pension plan. This alleged misrepresentation was made in the context of negotiations that would lead to the Plaintiff terminating his employment with his employer of twenty-eight years. Plaintiff alleges he relied on that misrepresentation when he decided to accept the severance package with Defendant. As the Seventh Circuit noted, "[W]hen an employer has provided 'repeated misinformation' to an ERISA claimant, and that misinformation prevented the claimant from making an election of benefits, estoppel should be applied to prevent the employer from denying those benefits to the claimant." Bowerman v. Wal-Mart Stores, Inc., 226 F.3d at 587 (7th Cir. 2000) (citing Swaback v. American Info. Techs. Corp., 103 F.3d 535, 542–43 (7th Cir. 1996)).

Defendant relies heavily on the breach of fiduciary duty cases to assert that Plaintiff has an adequate remedy for his estoppel claims through his claim for improperly denied benefits under Section 1132(a)(1)(B) in Count I. Defendant's reliance is misplaced, as the elements of proof for breach of fiduciary duty would be different from estoppel. Count III for a breach of fiduciary duty would be proven by reference to the plan and the ERISA statute. Count II, alleging estoppel, would be proven by reference to the Defendant's behavior and alleged misrepresentations, without reference to the plan. Consequently, the logic about the relative adequacy of the remedy does not follow the same course.

One of the cases that Defendant cites to did order dismissal of claims for breach of fiduciary duty, injunctive relief, and equitable estoppel. See SunTrust Bank v. Aetna Life Ins. Co., 251 F. Supp. 2d 1282, 1291 (E.D. Va. 2003). In that case, the plaintiff was a trustee of a trust which was assigned the group life insurance policy benefits for a decedent. The breach of fiduciary duty claim was dismissed because it was brought under Section 1132(a)(2), which, as

9

noted above, cannot support a claim for individual benefits. The court dismissed the claims for injunctive relief, holding that they were "'artfully pled' claims for benefits." Id. at 1291. In the case of an individual plan beneficiary who seeks injunctive relief, as noted above, the injunctive remedy is virtually equivalent to the remedy for improperly denied benefits; therefore, the remedy under Section 1132(a)(1)(B) is adequate. In a footnote, without any additional analysis, the SunTrust court dismissed the plaintiff's estoppel claims with the assertion that it was unnecessary "to reach the Defendants' estoppel argument because [the Plaintiff] has an adequate remedy elsewhere." Id. at 1291 n.3. In addition to not being binding, this Court finds this analysis unpersuasive. While the actual remedy sought under the estoppel theory might be the same, i.e. the amount of benefits that the Plaintiff believes he is entitled to may be the same amount that Defendant allegedly misrepresented to Plaintiff in 1992, the two claims are sufficiently distinct to permit the two claims to survive a motion to dismiss.

Defendant's final parry against Count II is that the Seventh Circuit has not explicitly held that estoppel can be applied to pension plans under ERISA, it has only applied estoppel to welfare plans under ERISA. The conclusion that Defendant seeks to draw from this hole in the law is that the "cases preclude such application when the plan at issue is a pension plan like the one at issue here." (Def. Rep. Supp. Mot. Dismiss, at 9) The absence of a direct holding on the subject proves nothing other than the fact that it was unnecessary to reach the issue in previous cases.[3] In this case, the Court must decide the question.

---

[3]After asserting that the absence of case law applying estoppel to pension benefit plans precludes Plaintiff's position, Defendant takes the Plaintiff to task for suggesting that the absence of direct holdings on the subject should support Plaintiff's position. (Def. Rep. Supp. Mot. Dismiss, at 10) Instead of quarreling about the gap in the law, the parties would have been better served to advance policy arguments to develop the law to support their respective positions.

10

In the context of estoppel claims, the Seventh Circuit has expressed a concern about the actuarial soundness of pension benefit plans. See Black v. TIC Investment Corp., 900 F.2d 112, 115 (7th Cir. 1990) ("The reason ordinarily cited for this reluctance [to apply estoppel in ERISA cases] . . . is a concern for the actuarial soundness of the ERISA plan."). At this point in the litigation, the Court has no information regarding the actuarial soundness of Defendant's plan. Evidence regarding any potential threat to the actuarial soundness of the plan that would flow from the relief Plaintiff seeks in Count II would be admissible to determine the appropriateness of equitable relief in this case. Such evidence would militate against granting Plaintiff monetary relief on his estoppel claim, but it is not properly before the Court on a Motion to Dismiss.

Plaintiff's estoppel claim in Count II is sufficiently distinct, both factually and legally, from his claim for improperly denied benefits in Count I that it will survive the Motion to Dismiss. Plaintiff has presented sufficient allegations in his complaint to make out a claim for equitable estoppel under Section 1132(a)(3) of ERISA. There are no legal reasons or policy reasons to prevent the claim from proceeding to a determination on the merits. Defendant's Motion to Dismiss Count II is denied.

## CONCLUSION

For the reasons stated in this opinion, Defendant's Motion to Dismiss is denied as to Count II and granted as to Count III.

Enter:

_____
David H. Coar
United States District Judge

**Dated: September 29, 2003**